[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10026
_____

D.C. Docket Nos.  9:11-cv-81267-KAM, 9:09-cr-80023-KAM-1

MARK JOSEPH HARVEY,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 27, 2016)

Before MARCUS and DUBINA, Circuit Judges, and GOLDBERG,[*] Judge.

_____

[*] Honorable Richard W. Goldberg, Judge for the United States Court of International Trade, sitting by designation.

PER CURIAM:

Mark Joseph Harvey ("Harvey") pleaded guilty to possession and distribution of child pornography. The district court sentenced him to 480 months in prison. Harvey later moved to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion. Harvey now appeals, arguing that the district court erred when it denied the motion without first holding a hearing.

The district court must conduct a hearing on a § 2255 motion unless the record conclusively establishes that Harvey cannot prevail on the motion. The record did so here. On that basis, we affirm.

## BACKGROUND

In late 2008, an undercover FBI agent used the computer program "Gigatribe" to connect with an individual called "LGFAPPER." Gigatribe allows a computer user to download images and videos from other computer users. LGFAPPER's Gigatribe account described his child pornography collection and provided directions for downloading it.

Through Gigatribe, the FBI agent eventually downloaded videos and images of child pornography from LGFAPPER's computer. The agent then used a network monitoring program to discover the IP addresses that LGFAPPER used on the date and time of the downloading. Through administrative subpoenas served on Sprint PCS, the FBI learned that these IP addresses belonged to the account

2

registered to Harvey at his residence.  After this, a detective observed Harvey entering his house "holding in his left hand a small, soft, black bag that was consistent with a laptop carrying case."

Based on the above information, the FBI obtained a search warrant for Harvey's residence.  The warrant specified that the "premises to be searched include[d] the contents of all computers and electronic media contained within" the residence.  Seven FBI agents and a police detective executed the warrant at 6:05 a.m.  Harvey was the sole occupant of the residence at the time.  Under Harvey's bed, the agents found a laptop computer and an external hard drive.

Harvey remained in his home during the search.  The agents neither told Harvey that he could leave nor that he had to stay.  The agents never brandished weapons, never touched Harvey, never read him his Miranda rights, and never told him that he could refuse to answer questions.  When Harvey moved throughout the house, an agent escorted him.  When not moving, Harvey sat with two agents who asked him questions about his use of the laptop.

Although Harvey was initially unwilling to answer questions, he eventually disclosed after repeated questioning that he owned and was the sole user of the confiscated laptop.  He also stated that he used the "LGFAPPER" account.  Harvey explained that any pictures would be located on the external hard drive.  The agents then conducted a preliminary forensic examination of the computer

3

equipment, which revealed images of hard core child pornography. Moreover, at the time of the search, the computer was in the process of downloading child pornography.

After the discovery of child pornography, at around 8:00 a.m., the agents immediately discontinued questioning and took Harvey to the police station. At the station, the agents informed Harvey of his Miranda rights and he signed a waiver of those rights. Harvey then confessed both orally and in writing that, through his LGFAPPER account on Gigatribe, he used his laptop to download and distribute child pornography. Harvey failed to ask for an attorney at any time during the preceding events.

A subsequent forensic analysis of the seized computer equipment uncovered in excess of 100,000 images and hundreds of videos of child pornography involving children of nearly all ages. Harvey's counsel never moved to suppress Harvey's above statements.

And so on April 24, 2009, Harvey pleaded guilty to two counts of distribution of child pornography in violation of 18 U.S.C. §§ 2252A(a)(2)(A) and 2252A(b)(1) and one count of possession of child pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B) and 2252A(b)(2). These charges carry a mandatory minimum sentence of five years in prison and a maximum sentence of fifty years in prison. In exchange for his guilty plea, the Government agreed to two

4

conditions. First, the government agreed to forgo filing any additional charges for violations under 18 U.S.C. §§ 2251, 2252, and 2252A. If convicted under 18 U.S.C. § 2251, Harvey faced on each count a mandatory minimum sentence of fifteen years in prison and a maximum sentence of thirty years in prison, in addition to the per-count five-year minimum sentence for any additional violations of §§ 2252 and 2252A. Thus, Harvey's plea allowed him to potentially avoid a much longer sentence. Second, the government agreed to recommend a sentencing reduction for acceptance of responsibility.

At the sentencing hearing on August 14, 2009, Harvey expressed remorse for his actions. His counsel requested a downward variance and emphasized that Harvey was cooperative and readily accepted responsibility for his wrongdoing. The district court ultimately granted a partial downward variance in sentencing Harvey to 480 months imprisonment and a lifetime of supervised release.

Harvey later moved to vacate his sentence under 28 U.S.C § 2255. The district court denied the motion without a hearing. Harvey appealed. We granted a certificate of appealability ("COA") on two issues:

(1) Whether the district court erred when, without a hearing, it denied Harvey's claim that his counsel provided ineffective assistance for failing to investigate and raise a motion to suppress his pre-trial statements; and

(2) Whether the district court erred when, without a hearing, it denied Harvey's claim that the alleged ineffective assistance rendered his plea involuntary.

## DISCUSSION

We review the denial of a § 2255 evidentiary hearing for abuse of discretion. *Winthrop-Redin v. United States*, 767 F.3d 1210, 1215 (11th Cir. 2014). The district court may decline to hold a hearing on § 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Put differently, the district court must grant a hearing if a prisoner "alleges facts that, if true, would entitle him to relief." *Winthrop-Redin*, 767 F.3d at 1216. But "a district court need not hold a hearing if the allegations are 'patently frivolous,' 'based upon unsupported generalizations,' or 'affirmatively contradicted by the record.'" *Id.* (citation omitted). For the reasons below, the record conclusively shows that Harvey is entitled to no relief and, therefore, the district court did not abuse its discretion in refusing to hold a hearing.

### I.    Harvey's Claim that Counsel was Ineffective.

To prevail on an ineffective assistance of counsel claim, Harvey must prove two prongs. First, Harvey "must show that counsel's performance was deficient." *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984).

6

Second, Harvey "must show that the deficient performance prejudiced the defense." *Id.* To establish "prejudice" in the context of a plea agreement, Harvey must "show 'that there is a reasonable probability that, but for counsel's errors, [Harvey] would not have pleaded guilty and would have insisted on going to trial.'" *Lafler v. Cooper*, 132 S. Ct. 1376, 1384-85 (2012) (citation omitted). In other words, Harvey "must convince the court that a decision to reject the plea bargain would have been rational under the circumstances." *Padilla v. Kentucky*, 559 U.S. 356, 372, 130 S. Ct. 1473, 1485 (2010).

Here, the government agreed to a deal that allowed Harvey to avoid additional charges carrying higher sentences and allowed Harvey to more persuasively argue for a variance at sentencing. The government also agreed to endorse a reduction for acceptance of responsibility. In exchange, Harvey pleaded guilty to charges for which there existed exceptionally weighty evidence of guilt. Even if Harvey prevailed in suppressing his pre-trial statements and any fruits of them, the government had evidence of the following: (1) LGFAPPER possessed and distributed child pornography; (2) LGFAPPER used IP addresses registered to Harvey at his residence to download and distribute child pornography; (3) a detective saw Harvey entering his home carrying a laptop bag; (4) agents executed a search of Harvey's home while he was the sole occupant; (5) agents seized and searched, pursuant to a warrant, computer equipment located under Harvey's bed;

(6) during the search, the seized laptop was downloading child pornography; and

(7) a forensic examination of the computer equipment uncovered massive quantities of child pornography.

Harvey asserts that, had counsel investigated and raised a motion to suppress his pre-trial statements, he would have opted for a trial on the above evidence. But excluding the pre-trial statements, the incriminating evidence against Harvey was overwhelming. For that reason, it would not have been rational to reject a plea agreement and Harvey's conclusory assertion to the contrary is contradicted by the record. Therefore, Harvey failed to satisfy the prejudice prong of his ineffective assistance of counsel claim. Accordingly, the record conclusively establishes that Harvey is entitled to no relief and, on that basis, the district court did not abuse its discretion in declining to hold a hearing.

**II.    Harvey's Claim that His Plea was Involuntary.**

Harvey must satisfy the two prongs of an ineffective assistance of counsel claim to prevail on a claim that ineffective assistance of counsel rendered his plea involuntary.  *Hill v. Lockhart,* 474 U.S. 52, 58-60, 106 S. Ct. 366, 370-71 (1985). For the reasons above, the record conclusively establishes that Harvey failed to satisfy at least one of the prongs and, therefore, he is entitled to no relief. Consequently, the district court did not abuse its discretion when it refused to hold a hearing on Harvey's § 2255 claim that his plea was involuntary.

## CONCLUSION

For the foregoing reasons, we affirm the refusal to hold a hearing on Harvey's § 2255 motion.

**AFFIRMED**.